Filed 6/11/24  P. v. Jenkins CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　v.<br><br>MARK JENKINS,<br><br>　　　Defendant and Appellant. | B333782<br><br>(Los Angeles County<br>Super. Ct. No. NA055257-01} |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Affirmed.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying defendant Mark Jenkins's petition for resentencing brought under Penal Code[1] section 1172.6.  We affirm.  We also grant defendant's request for judicial notice of the appellate record in his initial appeal under case No. B181966.

## BACKGROUND

On November 11, 2003, the People filed an Information charging appellant Mark Jenkins with murder and alleging a robbery-murder special circumstance and firearm and prior strike allegations, including personal use and discharge of a firearm causing death.  (§§ 187, subd. (a); 190.2, subd. (a)(17); 12022.53, subd. (d); 1170, subd. (a)-(d); 667.5, subd. (a).)

On February 14, 2005, a jury found Jenkins guilty of first degree murder and found true the special circumstance that the murder occurred during a robbery.  On March 22, 2005, the firearm enhancement was also found true.  On February 28, 2007, the trial court sentenced Jenkins to life without the possibility of parole, plus 25 years to life for firearm enhancement.

On July 17, 2023, Jenkins filed a petition for resentencing pursuant to former section 1170.95, renumbered on June 30, 2022 as section 1172.6.  On August 4, 2023, the trial court summarily denied Jenkins's petition without appointing counsel or ordering briefing on any issue.  The trial court found Jenkins ineligible for relief as a matter of law.  Jenkins timely appealed.

For context only, we include the facts of the case set out in our opinion affirming Jenkins's conviction.  Jenkins entered a

---

[1]     Statutory references are to the Penal Code.

2

liquor store and pointed a gun at the store's proprietor, Chan Hoeung. Words were exchanged, and Hoeung drew his own gun. Appellant fired at Hoeung, who fired back. Hoeung was killed and Jenkins was injured. (*People v. Jenkins* (Apr. 10, 2006, B181966) [nonpub. opn.].)

On February 7, 2024, we appointed counsel to represent Jenkins on appeal. On April 26, 2024, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us appellant was told he may file his own supplemental brief within 30 days. Counsel sent Jenkins transcripts of the record on appeal as well as a copy of the brief.

On April 29, 2024, this court sent Jenkins notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On May 20, 2024, we received Jenkins's supplemental brief, in which he describes the events of December 17, 2002, leading up to the victim's death. He states, "I made two extremely wrong decisions. Number 1, as usual, I left my house with a gun on me—Number 2, I set out to buy cigaret[te]s without an id. Those 2 disgraceful decisions led to me getting into a heated argument with the clerk as I had no id to make my purchase, and ultimately ended with me shooting and killing the clerk as he went to pull his own gun out. I was also shot in my back as I was leaving and soon after I was arrested at the hospital. . . . I deeply regret taking Mr. Chan's life and all of my actions that led up to that moment. I also feel sincere remorse for Mr. Chan's family and friends and the community I so negatively impacted with my

despicable actions of that day." Jenkins requests "relief through resentencing to a 2nd degree Murder or at least a 25-life sentence without LWOP so I may have an opportunity to go in front of a parole board for a possible release someday."

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for liability for murder (and later, attempted murder). It also limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957) (*Lewis*).) Petitions for resentencing carry out the intent of Senate Bill No. 1437, which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.) Petitions under section 1172.6 address convictions where a defendant was not the shooter but was held vicariously liable on one of several theories of liability identified in the statute. If the record establishes ineligibility for resentencing as a matter of law, the petition has been properly denied. (*Lewis*, at pp. 970–972.) However, the petition and record must establish conclusively that the defendant is ineligible for relief. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14 [a "petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer."].) (*Ibid.*) When a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (*Ibid.*)

4

After appointment of counsel, the trial court assesses whether a prima facie case for relief has been made. The prima facie inquiry is limited. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In assessing whether a defendant has made a prima facie case for relief pursuant to section 1172.6, ruling on a resentencing petition, the trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions. (*Lewis*, at pp. 971–972.) However, *Lewis* cautions that although appellate opinions are generally considered to be part of the record of conviction, the prima facie bar was intentionally set very low; a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

If appointment of counsel is improperly denied, we apply the harmless error test of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis, supra*, 11 Cal.5th at pp. 973–974). The petitioner must demonstrate there is a reasonable probability that in the absence of the error, he would have obtained a more favorable result. (*Id.* at p. 974.)

A petition under section 1172.6 is not another opportunity to challenge the original judgment or sentence on other grounds. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [a petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.)

To carry his burden, Jenkins must allege facts which, if true, would demonstrate that he could not presently be convicted of attempted murder "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Jenkins has not done that and therefore we must affirm the denial of his petition for resentencing.

We are not required to undertake an independent review of the record and decline to do so. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        STRATTON, P. J.


We concur:


        WILEY, J.



        VIRAMONTES, J.


6